| JAMES A. GRAY, II, Judge Pro Tem.
On April 18, 1996, Ms. Shelley Ward executed a promissory note in the sum of $5,193.16 with Metairie Bank and Trust Company (“Metairie Bank”). The note provided that failure to timely pay any installment automatically matured all remaining installments and stipulated for the payment of twenty-five percent of attorney’s fees in the event that Metairie Bank placed the note with an attorney for collection.
Ms Ward defaulted on the loan and Me-tairie Bank instituted suit to collect on the note. On May 13, 1997, a default judgment was rendered in favor of Metairie Bank for the recovery of $4,617.95 plus interest at the rate of eighteen percent per annum from March 25, 1997. On October 15, 1997, Ms. Ward and her former husband entered a community property partition agreement, wherein certain funds were to be transferred from Mr. Ward’s IRA account, to an account in the name of Ms. Ward established at Bank One.[1] On October 17, 1997, a wire transfer was made from the Hibernia account to Ms. Ward’s account at Bank One in the | «.amount of sixteen thousand dollars ($16,000). On *781 that same day, Metairie Bank served garnishment interrogatories upon Bank One.
Bank One refused to freeze the funds deposited into the account on October 17, 1997, and maintained that those funds were exempt from seizure. Subsequently, Metairie Bank filed a rule for judgment against Bank One in which the exemption issue was placed before the trial court. The trial court ruled that the Bank One account in Ms. Ward’s name was not subject to seizure by Metairie Bank. The court found that “the account was created as a rollover of existing IRA funds not a new contribution.” Therefore, the court denied Metairie Bank’s rule for judgment against the garnishee, and Metairie Bank appealed.
ASSIGNMENT OF ERROR
Metairie Bank contends that the trial court erred in finding that the IRA account established at Bank One in the name of Ms. Ward was .exempt from seizure on October 17, 1997. In support of this contention, Metairie Bank relies on LSA - R.S. . 13:3881(D)(1) and LSA - R.S. 20:33(1). These statutes are virtually identical and provide in pertinent part for the exemption of:
All pensions, ... all individual retirement accounts ... and all other plans qualified under § 401 or 408 of the Internal Revenue Code. However, an individual retirement account ... is only exempt to the extent that contributions thereto were exempt from federal income taxation at the time of contribution plus interest or dividends that have accrued thereon. No contribution shall be exempt if made ... less than one calendar year from the date writs of seizure are filed against’ such account or plan.
Metairie Bank contends that the plain language of the statutes indicated that tax exempt contributions made more than one year before writs of seizure are exempt from seizure. However, Metairie Bank argues that the funds at issue in this 13case were deposited into Ms. Ward’s account on the same day as the seizure, and thus, she cannot claim the benefit of those exemptions.
In response to Metairie Bank’s contentions, Bank One argues that the prevailing issue in this case is whether the transfer in question was a contribution. The answer to that question will determine whether or not the funds were exempt from seizure. Bank One contends that there is no Louisiana or federal case law that lends support to Metairie Banks’ contention. In fact, Bank One notes that the Louisiana statutes do not provide a definition of “contributions” as used within the statutes. Therefore, argues Bank One, this court must look to federal law to determine the issue presented in this case.
Bank One asserts that 26 U.S.C.' § 408(d)(6) of the Internal Revenue Code is the only source for determining whether or not an individual has made a contribution. That provision provides in pertinent part:
The transfer of an individual’s interest in an individual retirement account, individual retirement annuity, or retirement bond to his former spouse under a divorce decree or under a written instrument incident to such divorce is not to be considered a taxable transfer made by such individual notwithstanding any other provision of this subtitle, and such interest at the time of the transfer is to be treated as an individual retirement account of such spouse, and not of such individual.
Bank One contends that under this provision, the wire transfer was not a contribution, but was merely a change of trustees. The transfer was a result of a community property partition and as such is not a distribution nor is it a contribution. Bank One argues that all “contributions” were made to the Hibernia account prior to the partition. Thus, all that has transpired is a change of the location of part of those funds. Therefore, Ms. Ward is afforded the same protection Mr. *782 Ward would have enjoyed had he changed trustees for his account.
Louisiana law has not addressed the issue of what is a “contribution” as used |4in the language of the statutes previously discussed. Therefore, we must look to some other source to help us make that determination. We agree with Bank One’s contention that the Internal Revenue Code is the only source that provides insight to determine if there was a contribution in this case based on the events that transpired. To fully understand how § 408(d)(6) applies to this case, it is necessary to understand who are the proper parties identified in the language of the statute. With the insertion of the proper persons, the statute reads as follows:
The transfer of Mr. Ward’s interest in an individual retirement account, individual retirement annuity, or retirement bond to Ms. Ward under a divorce decree or under a written instrument incident to such divorce is not to be considered a taxable transfer made by Mr. Ward notwithstanding any other provision of this subtitle, and such interest at the time of the transfer is to be treated as an individual retirement account of Ms. Ward, and not of Mr. Ward.
The statute recognizes that Ms. Ward shared an undivided one-half interest in the Hibernia IRA account. Therefore, when the funds were transferred from the Hibernia account, it is treated as a transfer of her money from one account to another. As such, the funds deposited on October 17, 1997 into the Bank One account are not deemed a contribution, and therefore, are exempt from seizure.
We affirm the trial court’s ruling that the funds transferred to Ms. Ward’s IRA account at Bank One on October 17, 1997 were exempt from seizure. We find that pursuant to 26 U.S.C. § 408(d)(6), the transfer did not create a new account. We believe that the wire transfer was neither a distribution nor a contribution, but was merely a change in the location of the funds ... i.e. a change of trustees.
| 5CONCLUSION
For the foregoing reasons, we find that the court did not err in this case. Accordingly, we affirm.
AFFIRMED.

. The partition agreement recognized that Ms. Ward and Mr. Ward held an undivided one-half interest in the Hibernia IRA account in Mr. Ward’s name, as former community property.